[No. D021574. Fourth Dist., Div. One. Sept. 16, 1994.]

ROBERT ALLEN HALE, as Personal Representative, etc., Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent; CAROL DeFELICE et al., Real Parties in Interest.

COUNSEL

Higgs, Fletcher & Mack and John B. Morris for Petitioner.

No appearance for Respondent.

Julie Palaferri and Daniel Lee Jacobson for Real Parties in Interest.

OPINION

WORK, J.—

### FACTUAL AND PROCEDURAL BACKGROUND

Lilian Hale (Hale) was driving on the wrong side of the road when she collided with a car driven by Carol DeFelice (DeFelice). Hale was taken to a hospital where it was determined she had severe left-side paralysis and multiple malignant brain tumors. She died 10 days later.

DeFelice and her husband (DeFelices) filed a personal injury action against Hale's estate and personal representative (collectively estate) for

negligence and loss of consortium. The estate answered that Hale was not negligent but rather the accident was an act of God.

The DeFelices listed two of Hale's treating physicians as experts on their expert designation. When the estate learned the DeFelices had contacted the doctors without its permission, it sought an order restraining the DeFelices from making "ex parte" contact with the physicians but allowing the estate to communicate with them. The court prohibited contact with the doctors by the DeFelices, but refused to let the estate communicate with the doctors except through formal discovery because they had been designated as De-Felices' experts.

The estate's petition for writ of mandate contends it holds the doctor-patient privilege and cannot be precluded from speaking with its own physicians.

The DeFelices respond there are no privileged communications to protect because (1) the doctors only treated Hale in the hospital 10 days before she died when she could not communicate with them, (2) the estate put Hale's entire medical condition into issue by arguing Hale had "an unknown medical condition" and (3) Hale is deceased and the estate is not the doctors' patient. The DeFelices also ask us to allow them to contact the doctors informally outside normal discovery channels.

DISCUSSION

Under the trial court's ruling, neither the estate of the woman who was treated by the doctors nor the parties purportedly retaining them as experts may speak with the doctors unless they hire a reporter and take a deposition. Whatever else may be said about it, the ruling cannot stand as to the estate without doing violence to the doctor-patient privilege.[1]

First, contrary to the DeFelices, the fact that the doctors only treated Hale in the hospital does not negate the doctor-patient privilege. The relationship of patient and physician was established between Hale and doctors at the hospital who examined her, diagnosed her and/or furnished her treatment as far as the privilege under Evidence Code[2] section 990 et seq. is concerned. (*Carlton* v. *Superior Court* (1968) 261 Cal.App.2d 282, 288 [67 Cal.Rptr.

---

[1]Because the DeFelices failed to petition for writ of mandate challenging the order limiting their communications with the doctors, the issue is not properly before us. We add by way of dicta, however, to the extent the DeFelices complain the order interferes with their work-product communications with their own experts, all communications between a party and his designated experts are as a general rule discoverable by the opposing party.

[2]All statutory references are to the Evidence Code unless otherwise specified.

568].) Nor does Hale's alleged inability to communicate with the doctors thwart the privilege. The privilege extends to all "confidential communications," a statutory term of art defined to include "information obtained by an examination of the patient." (§ 992.)

Second, even if part of Hale's medical condition is in issue, it does not follow that Hale waived the privilege as to otherwise protected aspects of her medical history during her lifetime, or some condition she may have suffered from at the time of her death clearly unrelated to the accident. (*Jones* v. *Superior Court* (1981) 119 Cal.App.3d 534, 547-548 [174 Cal.Rptr. 148].)

Finally, Hale's death and the fact that the estate is not a patient are irrelevant: the privilege was Hale's, it continues after her death, and only her personal representative can waive it. (*Rittenhouse* v. *Superior Court* (1991) 235 Cal.App.3d 1584, 1588 [1 Cal.Rptr.2d 595]; § 993, subd. (c).)

As such, it is clear that, if we can say the doctors who treated Hale in her final days "belong" to anyone, they "belong" to the estate. The estate has a right to freely communicate with Hale's doctors, thoroughly investigate her condition with them, and assert the privilege to the extent it is appropriate.

Since the action is unusually urgent requiring acceleration, a peremptory writ in the first instance is proper. (Code Civ. Proc., § 1088; *Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218 [23 Cal.Rptr.2d 397, 859 P.2d 96]; *Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961].)

Let a writ of mandate issue directing the superior court to vacate its ruling of July 8, 1994, prohibiting the estate from contacting the doctors and enter an order consistent with this opinion. This opinion is made final immediately as to this court. (Cal. Rules of Court, rule 24(d).)

Kremer, P. J., and Todd, J., concurred.